IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENJAMIN NAPPER, BONJI HOPSON, BRIDGETTE FASHION, BRIDGET BRECKFORD, ANTHONY CHANEY, HUBERT WEST, and RON FELDER,<br><br>    Plaintiffs,<br><br>v.<br><br>ACCESS INSURANCE HOLDINGS, INC.,<br><br>    Defendant.<br>_____ | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs Benjamin Napper, Bonji Hopson, Bridgette Fashion, Bridget Breckford, Anthony Chaney, Hubert West, and Ron Felder (hereinafter "Plaintiffs", collectively), and file this lawsuit against Access Insurance Holdings, Inc. (hereinafter "Defendant"), and show the following:

### **I. Nature of Complaint**

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, and liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Access Insurance Holdings, Inc. is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred at 3 Ravina Drive, Atlanta, GA, 30346. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiffs are adult residents of the State of Georgia.

6.

Plaintiffs worked as Fast Track Claims Adjusters during the relevant statutory period.

7.

Each Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiffs performed work for and were paid on a salary basis by Defendant within the last three years.

9.

Defendants employed the named Plaintiffs during the relevant time period.

10.

Plaintiffs performed non-exempt labor during the relevant time period.

11.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

12.

Defendant Access Insurance Holdings, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant Access Insurance Holdings, Inc. is a domestic corporation conducting business within this judicial district.  At all times relevant herein, Defendant Access Insurance Holdings, Inc. was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

## IV.  COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiffs bring Count I of this Complaint pursuant to 29 U.S.C. § 216(b). Plaintiffs are individuals who currently are or have been employed by Defendant as Fast Track Claims Adjusters during the last three years, and whose primary job duties in this position are to provide customer service, act as a point of contact for customers, collect contact information of parties involved in insurance claims, collect details of accidents, transfer calls to other claims departments, and issue payments on clear liability property damage claims.

15.

Plaintiffs applied their knowledge in following the company's prescribed procedures to identify claims the company deemed were clear liability claims. Clear liability claims included such claims as those involving single-car accidents and collisions with parked cars.

16.

For claims that did not meet the criteria for clear liability, Plaintiffs transferred the claims to other departments to determine liability. Plaintiffs identified the appropriate department based on the presence or absence of criteria defined by the company, such as whether the claims involved multiple vehicles or attorneys.

17.

Plaintiffs did not evaluate bodily injuries.

18.

Plaintiffs did not interview physicians.

19.

Plaintiffs did not conduct investigations to make credibility determinations regarding interviewees.

20.

Plaintiffs did not physically inspect vehicles or conduct on-site investigations to determine property damage.

21.

Plaintiffs did not project labor costs of repair or replacement.

22.

Plaintiffs did not negotiate the cost of repairs or replacements.

23.

Plaintiffs did not prepare damage estimates.

24.

Plaintiffs did not evaluate and make recommendations regarding coverage of claims.

25.

Plaintiffs were not permitted to negotiate settlements.

26.

Plaintiffs received estimates prepared and negotiated by others.

27.

Plaintiffs issued payments to claimants in the amounts of the estimates.

28.

Plaintiffs were not permitted to issue payments that exceeded their defined thresholds of authority without approval from their supervisors.

29.

Plaintiffs did not investigate potentially fraudulent claims. They were required to refer these claims to another department for investigation.

30.

Plaintiffs did not set reserves.

31.

Plaintiffs did not make approximations or assess possible claim value for purposes of setting reserves.

32.

Plaintiffs were not permitted to deny claims.

33.

Plaintiffs did not make recommendations regarding litigation.

34.

During the applicable statutory period, Plaintiffs routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all

overtime hours worked while performing customer service and fast track claims adjusting duties for Defendant.

35.

Defendant was aware that the Plaintiffs were working overtime hours because Plaintiffs were required to log in to the Defendant's phone system to accomplish most of the work of the position.

36.

Defendant encouraged Plaintiffs to log out of the phone system after certain hours and continue working after logging out.

37.

Defendant paid Plaintiffs on a salary basis.

38.

Although they regularly worked more than forty (40) hours per week to complete their work and other job duties, Plaintiffs did not receive overtime pay from the Defendant.

39.

Plaintiffs performed non-exempt work for the Defendant within the last three years.

40.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiffs.

41.

Defendant was aware, however, that Plaintiffs were working more than forty (40) hours per week because of its ability to track the hours that the employees were logged into its phone system and generate reports regarding these hours.

42.

Defendant was also aware that Plaintiffs worked a greater number of hours than those tracked through the phone system because Defendant encouraged them to work more than forty (40) hours per week and perform additional work after they logged out of the system.

43.

Defendant's conduct was willful and in bad faith.

44.

These practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207.  As a result of these unlawful practices, Plaintiffs have suffered a loss of wages.

## V. Count One:

## Violation of the Overtime Wage Requirement of the

## Fair Labor Standards Act.

45.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

46.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

47.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

48.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

49.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the Collective Class at the required overtime rate.

50.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

51.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

52.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

53.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA

within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)  Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)  Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E)  Grant leave to add state law claims if necessary; and

(F)  Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted the 3rd day of June, 2011.

                                             **BARRETT & FARAHANY, LLP**

                                             s/Amanda A. Farahany
                                             Amanda A. Farahany
                                             Georgia Bar No. 646135
                                             Benjamin F. Barrett
                                             Georgia Bar No. 039586
                                             Michael W. Cohen
                                             Georgia Bar No. 274813
                                             Attorney for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

                                                                          <u>s/Amanda A. Farahany</u>
                                                                          Amanda A. Farahany
                                                                          Georgia Bar No. 646135